IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LYNN MAYNARD, on behalf of himself and all similarly situated individuals, | ) ) ) ) | Civil Action No. |
| Plaintiff, | ) ) | |
| v. | ) | JURY TRIAL DEMANDED |
| AGILYSYS, INC., | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## COMPLAINT FOR DAMAGES

**COMES NOW,** Plaintiff Lynn Maynard (hereinafter "Plaintiff"), on behalf of himself and all similarly situated individuals, by and through the undersigned counsel, and files this Complaint for Damages against Defendant Agilysys, Inc. (hereinafter "Defendant"), respectfully showing the Court as follows:

### I. NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein; Plaintiff brings this action as the representative party for all similarly situated employees of Defendant.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period").

## II.  JURISDICTION AND VENUE

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), 28 U.S.C. § 1331, and 28 U.S.C. §1343(a)(4).

4.

Defendant is a Georgia corporation residing in this district, and the unlawful employment practices described herein occurred at 1000 Windward Concourse in Alpharetta, Georgia.

5.

Defendant transacts business and engaged in commerce in the State of Georgia.

6.

Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b), LR 3, Northern District of Georgia, and 29 U.S.C. § 1391(b) because Defendant resides in this district.

### III. PARTIES

7.

Plaintiff is a resident of the State of Georgia.

8.

Plaintiff was hired by the Defendant in June 2004 and continues to work for Defendant as a Technical Services Specialist.

9.

Plaintiff is an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 *et seq.*, 29 U.S.C. § 203(e).

10.

Plaintiff performed non-exempt labor for the Defendant within the last three (3) years.

11.

Defendant employed Plaintiff during the relevant time period.

3

12.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

13.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000.00 per year.

14.

Defendant is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

15.

Defendant is governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

## IV.  FACTS

16.

Plaintiff worked for the Defendant within the past three (3) years.

17.

As a Technical Services Specialist (hereinafter "TSS"), Plaintiff's job duties consisted primarily of providing customer support, IT consultation, and project planning.

18.

As a TSS, Plaintiff did not supervise any employees, and did not have the authority to issue performance reviews, or hire and fire any employees.

19.

As a TSS, Plaintiff did not have independent discretion to make decisions as to matters of significance for Defendant's business operations, or the operations of Defendant's customers.

20.

Plaintiff worked an average of seventy (70) hours per week during the relevant time period.

21.

From the time Plaintiff was hired until August 2014, Plaintiff was improperly classified as an exempt salaried employee and was compensated as such without the appropriate time and a half compensation for Plaintiff's hours worked over forty (40) in a given workweek.

22.

In August 2014 Defendant reclassified Plaintiff as an hourly employee.

23.

Since August 2014, Plaintiff is being paid a time-and-a-half of his hourly rate for all hours over forty (40) that he works in a given workweek.

24.

Plaintiff's job duties remained unchanged after this reclassification in August 2014.

25.

During Plaintiff's employment with the Defendant, Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that Plaintiff worked over forty (40) hours in a workweek.

## V. COLLECTIVE ACTION ALLEGATIONS

26.

Plaintiff brings Count I of this Complaint on behalf of himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b).

27.

Plaintiff and the similarly situated individuals are individuals who currently or formerly have been employed by Defendant nationwide as "Technical Services

Specialists" during the last three (3) years, and whose job duties consisted primarily of providing customer support, IT consultation, and project planning (hereinafter the "Collective Class").

28.

During the last three years, Plaintiff and the Collective Class routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation for all overtime hours worked over forty (40) hours while performing the duties of a TSS.

29.

Defendant was aware that Plaintiff and the Collective Class were working overtime hours.

30.

During the applicable statutory period, Defendant failed to keep accurate time records for all hours worked by Plaintiff and the Collective Class.

31.

During the last three (3) years, the primary duty of TSS employees was the performance of non-exempt work, specifically providing customer support, IT consultation, and project planning services for Defendant.

32.

During the last three (3) years, Defendant closely supervised and controlled the work of Plaintiff and the Collective Class.

33.

During the last three (3) years, TSS employees, including Plaintiff, were paid a base salary without an overtime premium for hours worked in excess of forty (40) hours in given work weeks.

34.

During the last three years, TSS employees, including Plaintiff, did not exercise discretion and independent judgment with respect to matters of significance in the performance of their job duties.

35.

TSS employees are entitled to overtime pay for the hours they worked over forty (40) in given workweeks.

36.

Defendant's practices violate the provisions of the FLSA, 29 U.S.C. § 201, *et seq*. including but not limited to 29 U.S.C. § 207.

37.

As a result of Defendant's unlawful practices, Plaintiff and the Collective Class have suffered lost wages.

## COUNT I

### VI.  VIOLATION OF THE OVERTIME WAGE REQUIREMENT OF THE FAIR LABOR STANDARDS ACT

38.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

39.

Defendant has violated the FLSA, 29 U.S.C. § 201, *et seq*. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff and the Collective Class worked in excess of (40) hours in given workweeks.

40.

Defendant suffered and permitted Plaintiff and the Collective Class to routinely work more than forty (40) hours per week without overtime compensation.

41.

Defendant's actions, policies and/or practices violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the Collective Class at the required overtime rate.

42.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff and the Collective Class overtime compensation in violation of the FLSA.

43.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff and the Collective Class, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

44.

Plaintiff and the Collective Class were subject to the same unlawful policy of Defendant, i.e., Defendant's misclassification of TSS employees as "exempt" from the overtime requirements of the FLSA.

45.

Defendant's violations of the FLSA were willful and in bad faith.

46.

Pursuant to FLSA 29 U.S.C. §216, Plaintiff and the Collective Class are entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

### VII. UNLAWFUL RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

47.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

48.

In August 2014, Defendant reclassified Plaintiff and the other TSS employees as hourly, non-exempt employees.

49.

Given that Plaintiff's job duties were not changed or altered in any way following this reclassification, on September 16, 2014, Plaintiff made a request

that the company provide him overtime compensation for the hours he previously worked in excess of forty (40) in the relevant workweeks.

50.

Defendant denied Plaintiff's request for compensation.

51.

Prior to requesting compensation for his unpaid overtime hours, Plaintiff had an exemplary employment record with no write-ups or counselings by Defendant.

52.

Following Plaintiff's request for his unpaid overtime compensation, Plaintiff has been written up twice on October 15, 2014, and October 30, 2014, respectively.

53.

In the instance of both write-ups, Plaintiff was counseled and told he may be terminated in the future for behaviors which other employees have committed without reprimand, and for matters that were not an issue of any write-ups prior to Plaintiff's request for overtime compensation on September 16, 2014.

54.

Pursuant to 29 U.S.C. § 215(a)(3), it is unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such

employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or about to testify in any such proceeding, or has served or is about to serve on an industry committee.

55.

The FLSA's definition of the word "person" includes "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

56.

Defendant is a "person" under the FLSA and was prohibited from discriminating against Plaintiff because he engaged in activity protected under the FLSA.

57.

Defendant's actions, policies and/or practices as described above violate the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).

58.

Defendant knew that its conduct violated the FLSA, and Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights.

59.

Defendant's violations of the FLSA were willful and in bad faith.

60.

Plaintiff engaged in statutorily protected activity under the FLSA by, *inter alia*, opposing an employment practice he believed was unlawful under the FLSA, e.g., by requesting compensation for Defendant's failure to pay he and other laborers overtime compensation.

61.

Plaintiff suffered an adverse employment action as a result of his statutorily protected conduct, to wit: Defendant has issued two (2) retaliatory write-ups and threatened termination of Plaintiff's employment for behaviors which Defendant did not previously issue write-ups or threats of termination.

62.

Plaintiff's write-ups are not "wholly unrelated" and are, in fact, directly related to his engaging in activity protected under the FLSA.

63.

Plaintiff's statutorily protected activity was the motivating factor in Defendant's decision to issue two (2) retaliatory write-ups to Plaintiff as of the date of this filing.

64.

As a direct and proximate result of the retaliation, Plaintiff has suffered

damages including, but not limited to, severe emotional distress, for which he is entitled to recover from Defendant.

65.

Pursuant to the FLSA, 29 U.S.C. § 215(a)(3), Plaintiff is entitled to recover actual and liquidated damages, including lost wages, as well as compensatory damages, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## VIII.  Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA;

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D) Grant conditional certification and provide notice of this action to all similarly situated individuals;

(E) Grant leave to add additional state and federal law claims if necessary; and,

(F) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted this 17th day of November, 2014.

**BARRETT & FARAHANY, LLP**

s/Elizabeth L. Brown
Benjamin F. Barrett
Georgia Bar No. 039586
Amanda A. Farahany
Georgia Bar No. 646135
Elizabeth L. Brown
Georgia Bar No. 940372

*Attorneys for Lynn Maynard*

1100 Peachtree Street, Suite 500
Atlanta, Georgia 30309
(404) 214-0120
(404) 214-0125 facsimile
ben@bf-llp.com
amanda@bf-llp.com
lily@bf-llp.com