IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LYNN MAYNARD, on behalf of himself and all similarly situated individuals,<br><br>   Plaintiff,<br><br>v.<br><br>AGILYSYS, INC.,<br><br>   Defendant. | Civil Action No.<br>1:14-cv-03698-AT<br><br><br>JURY TRIAL DEMANDED |

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

Named Plaintiff Lynn Maynard[1] ("Plaintiff"), and Agilysys, Inc. ("Defendant"), by and through their respective counsel of record, submit this Joint Application for Approval Parties' Joint Stipulation of Settlement and Release. In support of this Joint Application, Plaintiff and Defendant (collectively the "Parties") state as follows:

1. On May 1, 2015 Plaintiff filed his Amended Complaint alleging

---

[1] Although Plaintiff filed this litigation as potential Collective Action under the FLSA, he has not moved for conditional certification of the collective action and no other individuals have filed consents to join this case as opt-in plaintiffs. Thus, this lawsuit and settlement only apply to Plaintiff, individually.

a collective action under the FLSA against Defendant.[2]

2.	The Parties agree that the instant action involves disputed issues regarding the payment of overtime wages under the FLSA and Plaintiffs exempted status.

3.	Plaintiff alleges that Defendant failed to comply with the overtime provisions of the FLSA, and Defendant allege that the Plaintiff was properly compensated for all hours work for the primary benefit of Agilysys and was an exempt employee.

4.	To avoid expending time and expenses in litigation, the Parties to this action have engaged in meaningful, good faith settlement negotiations.

5.	As a result of the settlement negotiations, the Parties have reached reasonable settlement for all claims.

6.	The Parties have agreed to settle this lawsuit according to the terms of the Joint Stipulation of Settlement and Release submitted, as **Exhibit A**, with this motion.

---

[2] Plaintiff filed his original Complaint on November 17, 2014, but amended it to address certain issues raised in Defendant's Motion to Dismiss. Plaintiff asserts claims for unpaid overtime and unlawful retaliation.

## ARGUMENT AND CITATION OF AUTHORITIES

### I.     Legal Principles

Pursuant to established precedent, regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c) of the FLSA, *Lynn's Food stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the District Court enters a stipulated judgment approving the fairness of the settlement. *Id*.; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960,961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to

> be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement agreement to resolve and release Plaintiff's FLSA claims against Defendant.  The proposed settlement arises out of an action brought by the Plaintiff against his employer, which was adversarial in nature.  During the litigation and settlement of this action, Plaintiff was represented by experienced counsel.

The Parties agree that the instant action involves several disputed issues regarding the need for payment of overtime wages under the FLSA.  The Parties dispute whether Plaintiff was entitled to overtime prior to the reclassification of his position in August 2014.  Defendant contends that Plaintiff was exempt from the FLSA's overtime requirements under, among other things, the Adminiatrative exemption, 29 U.S.C. § 213, while Plaintiff contends he was not exempt.  Specifically, the Parties dispute whether Plaintiff's primary duty required the exercise of discretion and independent

judgment with respect to matters of significance. The Parties further dispute whether liquidated damages are appropriate. Defendant contends that it can satisfy the elements of the "good faith defense" to liquidated damages, 29 U.S.C. § 260. Plaintiff contends that liquidated damages are appropriate. The Parties further dispute the number of overtime hours Plaintiff worked during his employment with Defendant. Plaintiff contends he worked an average of 61 hours per week in the weeks when he traveled for his duties and 55 hours per week in the weeks when he did not travel. Defendant contends that Plaintiff did not work overtime. Finally, the Parties dispute whether the appropriate remedy for the allegedly unpaid overtime is "half-time" of Plaintiff's "regular rate" (or "fluctuating workweek") or "time-and-a-half" of Plaintiff's "regular rate." The Parties agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues.

Plaintiff and his counsel discussed the disputed factual and legal issues in person, over the phone and over electronic mail. The Parties formulated and exchanged their own proposed settlement figures. The Parties then engaged in settlement discussions, based upon their independent calculations. The Parties, through their attorneys, voluntarily agreed to the terms of their settlement agreement during negotiations. All Parties were counseled and

represented by their respective attorneys throughout the litigation and settlement process.

## II.   Summary of the Settlement

The Parties' settlement agreement is attached hereto as "Exhibit A." Plaintiff alleges that, during the period from November 7, 2012 to August 4, 2014 (a period of 90 weeks), he was misclassified by Defendant as exempt from the overtime requirements of the FLSA.  During this period, Plaintiff was paid a biweekly salary of $4,098.97.

Plaintiff contends that he regularly worked unpaid overtime. Specifically, Plaintiff contends that, during the relevant 90 week period, he worked approximately 61 hours per week in the weeks that he traveled (55 weeks) and 55 hours per week in the weeks that he worked from the home office (18 weeks).[3]  Plaintiff concedes that in 17 weeks of the relevant 90 week period, he did not work overtime due to holidays or personal days off. Defendant denies that Plaintiff was misclassified and denies that Plaintiff worked more than forty hours per week during his employment.

Using Plaintiff's calculation of his unpaid hours and using Defendant's proposed fluctuating workweek ("FWW") method in

---

[3] For one pay period of two weeks, this results in 122 hours of work for two "travel" weeks and 110 hours of work for "non-travel" weeks.

calculating Plaintiff's damages, Plaintiff's maximum potential unpaid overtime would be approximately $24,377.10.

The Parties' proposed settlement will provide Plaintiff with $41,447.81, less applicable wage withholdings on half of that amount. Thus, Plaintiff is receiving more than the amount of unpaid overtime compensation to which he could be entitled if Defendant were to prevail on the rate issue in litigation.

Pursuant to the proposed settlement, Plaintiff's counsel will receive $28,552.19 in attorney's fees and costs. This includes fees for conducting discovery in this case[4], negotiating this settlement and litigating a separate retaliation claim.

### III. Conclusion

The Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties, and dismiss the instant action as well as any and all other pending claims between the Parties with prejudice.

A proposed Order granting the relief requested herein is attached to this Motion.

---

[4] Plaintiff's counsel propounded written discovery, reviewed Defendant's responses and was in the process of preparing responses to Defendant's discovery requests when settlement was reached.

Respectfully submitted, this 15th day of January, 2016.

<u>s/ Benjamin A. Stark</u>
Benjamin A. Stark
Georgia Bar No. 601867
Attorney for Plaintiff
BARRETT & FARAHANY, LLP

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120

<u>s/ David Long-Daniels</u>
w/ permission by BAS
David Long-Daniels
Georgia Bar No. 141916
C. Whitfield Caughman
Georgia Bar No. 109147
Attorneys for Defendant
GREENBERG TRAURIG, LLP

Terminus 200, Suite 2500
3333 Piedmont Road, N.E.
Atlanta, GA 30305
(678) 553-2100

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

>David Long-Daniels
>C. Whitfield Caughman
>Greenberg Traurig, LLP
>Terminus 200, Suite 2500
>3333 Piedmont Road, N.E.
>Atlanta, GA 30305

This 15th day of January, 2016.

By: s/Benjamin A. Stark
Benjamin A. Stark