# SETTLEMENT AGREEMENT AND GENERAL RELEASE

Through this Settlement Agreement and General Release ("Settlement Agreement"), Plaintiff Lynn Maynard ("Maynard") and Defendant Agilysys, Inc. ("Agilysys") (collectively, the "Parties"), by and through their respective counsel of record, hereby agree to settle *Lynn Maynard v. Agilysys, Inc.*, Civil Action No. 1:14-cv-03698-AT, currently pending in the United States District Court for the Northern District of Georgia, Atlanta Division (the "Action"), as well as all other claims, known or unknown, that Maynard may have or claim to have against Agilysys and/or the other Released Parties (defined below).

## I.
## DEFINITIONS

1. In addition to the definitions contained within the body of this Settlement Agreement, the following terms shall have the following meanings:

   (a) "Action" shall mean the case styled *Lynn Maynard v. Agilysys, Inc.*, Civil Action No. 1:14-cv-03698-AT, currently pending in the United States District Court for the Northern District of Georgia, Atlanta Division.

   (b) "Court" shall mean in the United States District Court for the Northern District of Georgia, Atlanta Division.

   (c) "Final Judgment" shall mean the order granting final approval of this settlement and dismissal of the Action, with prejudice, entered by the Court.

   (d) "Parties" shall mean Maynard and Agilysys.

   (e) "Maynard's Counsel" shall mean Benjamin F. Barrett, Amanda A. Farahany, Benjamin A. Stark, Barrett & Farahany, LLP, 1100 Peachtree Street, Suite 500, Atlanta, Georgia 30309.

   (f) "Agilysys' Counsel" shall mean David W. Long-Daniels, Esq., Greenberg

Traurig LLP, Terminus 200, 3333 Piedmont Road, NE, Suite 2500, Atlanta, Georgia 30305.

(g) "Released Claims" shall mean all claims, arbitrations, actions, charges, and administrative filings asserted by, or that could have been asserted by, Maynard against the Released Parties (defined below).

(h) "Released Parties" shall mean Agilysys and all of Agilysys' current and former officers, board members, directors, employees, partners, shareholders, agents, attorneys, insurers, predecessors, successors, parent or holding companies, subsidiaries, assigns, management, representatives, associates, fiduciaries, affiliates, related companies, and any entities affiliated in any manner with any such persons or entities.

(i) "Released Period" shall mean the period from the filing of the Action through and including the date Settlement Effective Date.

(j) "Settlement Payment" shall mean the payment defined in Section III herein.

(k) "Settlement Effective Date" shall mean the first day following Final Judgment.

(l) "Settlement Execution Date" shall mean the date on which Maynard executes this Settlement Agreement.

## II.
## RECITALS

2. WHEREAS, Maynard filed the Action against Agilysys alleging certain claims relating to his employment with Agilysys including claims for unpaid overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

3. WHEREAS, Agilysys denies any liability or wrongdoing of any kind associated with Maynard or the claims alleged. Agilysys further contends that it has complied with all

state and federal laws and that Maynard was exempt from the FLSA's minimum wage and overtime requirements at all relevant times.

4. WHEREAS, the Parties desire to settle the Action and any and all claims, charges, filings, administrative proceedings or allegations related in any manner to Maynard's employment, compensation, and/or termination of employment at Agilysys that Maynard may now have or claim to have against the Released Parties, including, but not limited to, any and all claims that are brought or that could have been brought against Agilysys in the Action.

5. WHEREAS, Maynard's Counsel represents that it has conducted a thorough investigation into the facts of this case and has diligently pursued an investigation of Maynard's claims against Agilysys, including (i) interviewing Maynard; (ii) reviewing relevant documents and calculating settlement; (iii) researching the applicable law and the potential defenses; and (iv) negotiating settlement and including drafting proposals and counter proposals. Based on its own independent investigation and evaluation, Maynard's Counsel is of the opinion that the Settlement Agreement is fair, reasonable, and adequate and is in the best interest of Maynard in light of all known facts and circumstances, including the risk of significant delay, and defenses asserted by Agilysys. Agilysys agrees that the Settlement Agreement is fair, reasonable and adequate.

6. WHEREAS, entry of Final Judgment in this Action shall dismiss with prejudice all claims that were or that could have been alleged in Maynard's complaint, as filed or as later amended. The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of this Settlement Agreement, to effectuate its terms, and to dismiss this Action with prejudice.

7. NOW, THEREFORE, the Parties, in consideration of the promises, covenants and agreements described in this Settlement Agreement, and for other good and valuable consideration acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, do hereby mutually agree as follows:

## III.
## SETTLEMENT PAYMENT

8. In consideration of Maynard's covenants and promises in this Settlement Agreement, Maynard will receive a Settlement Payment, as a full and final settlement of the above-referenced Action, as well as any and all claims, arbitrations, actions, charges, or administrative filings or proceedings Maynard has or may have against the Released Parties related in any way to or arising out of his employment or the termination of his employment, of: (a) a payment of $20,723.90, minus withholdings for taxes and other applicable deductions, (b) a payment of $20,723.91 for other non-compensatory damages, and (c) a payment of $28,552.19 for Maynard's attorneys' fees, litigation expenses and costs.

9. The Settlement Payment will be issued in three (3) checks as follows: (a) the first check shall be made payable to "Lynn Maynard" for $20,723.90, minus withholdings for taxes and other applicable deductions; (b) the second check shall be made payable to "Lynn Maynard" for $20,723.91, from which no withholdings shall be made; and (c) the third check shall be made payable to "BARRETT & FARAHANY, LLP" for $28,552.19. Maynard agrees and understands that Agilysys shall issue to Maynard a W-2 Form with respect to the $20,723.90 payment referenced at subparagraph 8(a) and a 1099 for the $20,723.91 payment referenced at subparagraph 8(b). Maynard further understands and agrees that Agilysys shall issue to Maynard's Counsel a Form 1099 with respect to the $28,552.19 payment referenced at subparagraph 8(c). The Settlement Payment will be issued to Maynard's Counsel within seven

(7) days after Maynard has filed a motion to dismiss, with prejudice, the Action, without costs or fees to any party and the Court has approved this Settlement Agreement. However, in no event shall the Settlement Payment be issued prior to the expiration of the revocation period described in Section XXIV of this Settlement Agreement.

10. Maynard hereby acknowledges that he is not entitled to any further compensation, payments or benefits from Agilysys, other than the following: (1) the Settlement Payment, (2) Maynard's vested benefits earned pursuant to Agilysys' 401(k) employee benefit plan, (3) Maynard's vested benefits pursuant to the Health Savings Account provided by Agilysys – that is, contributions to the account that may be retained/recovered by Maynard pursuant to the terms of the HSA plan and (4) payment of workers' compensation benefits for a work-related injury to Maynard's knee occurring prior to his resignation, if any, to the extent Maynard is otherwise entitled to those benefits.

11. Maynard acknowledges and agrees that Agilysys has made no representations to him regarding the tax consequences of any amounts received by him pursuant to this Settlement Agreement.

## IV.
## TERMINATION AND WAIVER OF RE-EMPLOYMENT

12. Maynard represents that he does not desire to be employed with Agilysys or any of the Released Parties and has resigned his employment with Agilysys as of the Settlement Execution Date.

13. Maynard acknowledges that his employment and all other employment-related relationships with Agilysys ended effective as of the Settlement Execution Date. Maynard hereby agrees that he effectively relinquishes and resigns any officer and/or director position, title, or responsibilities on the last date he provides services, for the primary benefit of the

Company (hereinafter the "Departure Date"). Upon receipt of the Settlement Payment and his regular salary payment pro-rated through the Departure Date, less deductions required by law, Maynard acknowledges that he will have been paid all remuneration owed to him by Agilysys.

14. Maynard further waives any rights he may otherwise have to employment with Agilysys or any of its parents, subsidiaries or affiliates. Maynard further agrees and promises that he will not at any time seek employment with any of the Released Parties. Maynard agrees that this Settlement Agreement shall constitute a complete and absolute bar to any and all claims by Maynard related to any and all refusals by Agilysys or any of the Released Parties to employ Maynard, and shall serve as good cause, non-retaliatory and non-discriminatory grounds for failure to hire him. If Maynard is inadvertently hired by any of the above-described entities, Maynard covenants that he will resign his employment immediately upon receiving notice, and that this Settlement Agreement shall constitute good cause, non-retaliatory and non-discriminatory grounds for immediate termination of employment. Maynard further acknowledges that the intent of this Settlement Agreement is that the Parties, including Released Parties, unequivocally and irrevocably separate all relations from each other, henceforth and forevermore.

### V.
### RELEASE OF CLAIMS AND OTHER REPRESENTATIONS BY MAYNARD

15. In consideration of the Settlement Payment and other good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, Maynard, his personal representatives, heirs, successors and assigns, hereby fully, forever, and finally releases and discharges the Released Parties, from his claims asserted in the Action and any and all claims, demands, actions, or causes of action, administrative actions, charges, damages, or suits at law or equity, of whatsoever kind or nature, including, but not limited to, any claims arising

out of or relating to Maynard's hiring, employment, or the cessation of Maynard's employment with Agilysys, any claims for failing to obtain employment at any other Company or with any other person or employer, all claims and/or demands for back pay, overtime pay, retirement benefits, front pay, unpaid commissions, group insurance or employee benefits, severance, injunctive relief, compensatory or emotional distress damages, punitive damages, attorneys' fees, cost, and all other claims for monies and/or expenses arising out of or in any way connected with, directly or indirectly, any act and/or omission that has occurred during the Released Period. Maynard acknowledges, understands and agrees that, by executing this Settlement Agreement, he is releasing all of the Released Parties any and all claims or liabilities arising out of or relating to Maynard's employment with Agilysys and the termination of such employment, including, but not limited to: claims of discrimination based on age, race, color, sex (including sexual harassment), religion, national origin, marital status, parental status, veteran status, union activities, disability or any other grounds under applicable federal, state or local law, including, but not limited to claims arising under Civil Rights Acts of 1866 and 1964, as amended, 42 U.S.C. §§ 1981 and 2000(e) *et seq.*; the Civil Rights Act of 1991; the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 *et seq.*; the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq.*; the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*, as amended; the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended; the Sarbanes-Oxley Act of 2002, as amended, including the Corporate and Criminal Fraud Accountability Act, 18 U.S.C. §§ 1514A; the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*; the Older Workers Benefit Protection Act, Pub. L. 101-433 ("OWBPA"); the Equal Pay Act, 29 U.S.C. § 206(d); the Lily Ledbetter Fair Pay Act; the Pregnancy Discrimination Act;

Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), as amended; Genetic Information Non-Discrimination Act of 2008 ("GINA"); the American Recovery and Reinvestment Act of 2009 (as amended); Occupational Safety and Health Act; The Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"); the Fair Credit Reporting Act; state and federal Worker Adjustment and Retraining Notification Acts, all other federal, state or local laws, regulations and ordinances governing discrimination in employment; the right to bring demands, complaints, causes of action, and claims under any other federal, state, local or common law, statute, regulation or decision, any claim for costs and attorneys' fees with respect to the negotiation and finalization of this Settlement Agreement; claims under any employment, contract or tort laws, including, but not limited to, any claims of wrongful discharge, breach of contract, defamation, intentional infliction of emotional distress, negligence, and other personal injury laws; claims for compensation, employee benefits, past or future bonuses or awards, warrants, options or under vacation and severance plans; claims under any workers' compensation laws; all claims arising out of or incident to Maynard's employment with Agilysys and the circumstances of Maynard's termination of employment with Agilysys; and any other claims arising out of any employment contract, policy or procedure. By signing this Settlement Agreement, however, Maynard does not release any claims related to, or arising out of: (1) any vested benefits earned by Maynard pursuant to Agilysys' 401(k) plan, (2) any vested right to recover/retain contributions made by Maynard to his Agilysys-provided Health Savings Account, (3) payment of workers' compensation benefits for a work-related injury to Maynard's knee occurring prior to his resignation, if any, to the extent Maynard is otherwise entitled to those benefits, (4) any claims arising out of actions taken (or actionable failure to act) by any of the Released Parties after the Settlement Execution Date, including for breach of this Settlement

Agreement or (5) any claims that cannot be released as a matter of law.

16. <u>Release of ADEA and OWBPA Claims.</u> Maynard agrees and understands that he is specifically releasing all claims under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.*, the Older Workers Benefit Protection Act, Pub. L. 101-433 ("OWBPA"), and any federal, state or local fair employment acts arising through and including the Settlement Execution Date.

17. <u>Full Review.</u> Maynard affirms that he has read this Settlement Agreement in its entirety and has had a full and fair opportunity to consider and understand its terms and to be advised by Maynard's Counsel. Maynard further acknowledges that he is executing this Settlement Agreement in exchange for consideration; that Maynard understands the Settlement Agreement; and has, of his own free will, without coercion, agreed to the terms of the Settlement Agreement.

18. <u>Attorney Consultation and Revocation.</u> Maynard further understands that he has been advised herein in writing that: (i) he should consult with an attorney before signing this Settlement Agreement; (ii) he has twenty-one (21) days to consider the Settlement Agreement; (iii) if he sign this Settlement Agreement, he may revoke it within seven (7) days after signing; and (iv) this Settlement Agreement shall not be enforceable until the seven (7) day revocation period has expired without the Settlement Agreement having been revoked as provided herein. Revocation can be made by delivering a written notice of revocation to:

> David W. Long-Daniels, Esq.
> Greenberg Traurig, LLP
> 3333 Piedmont Road
> Suite 2500
> Atlanta, Georgia 30305

19. The Parties expressly agree that, in the event that Maynard revokes this Settlement Agreement, the Settlement Agreement shall be null and void and have no legal or binding effect whatsoever. The Parties to this Settlement Agreement recognize that Maynard may elect to sign this Settlement Agreement before the expiration of the twenty-one (21) consideration period specified herein.

20. <u>Waiver of Unknown Claims</u>. Maynard hereby settles all differences between Agilysys and him concerning his employment by Agilysys or the termination of that employment, including, without limitation, his wages, hours, working conditions, and all other terms and conditions of employment during his employment, and occurring up to and including the later of the Settlement Effective Date or the Departure Date. Maynard acknowledges full accord, satisfaction, settlement and release of any and all charges, demands, rights, actions, causes of action, damages or claims of damage, including, but not limited to, actual, compensatory, exemplary, liquidated, punitive, injunctive, and nominal damages as well as any related costs and attorneys' fees associated therewith, of whatsoever kind and nature which he has or may have against Agilysys by reason of, or related to, without limitation, his employment by or separation of his employment from Agilysys. Maynard acknowledges that he is aware that he may hereafter discover facts different from or in addition to those which he now knows or believes to be true with respect to the matters released in this Settlement Agreement, and agrees that the releases so given herein, shall be and remain in effect as a full and complete release of the respective claims, notwithstanding any such different or additional facts.

21. <u>Subsequent Discovery</u>. Maynard acknowledges that he is aware that he may hereafter discover facts different from or in addition to those which he now knows or believes to be true with respect to the matters released in this Settlement Agreement above, and agrees that

the releases so given above, shall be and remain in effect as a full and complete release of the respective claims, notwithstanding any such different or additional facts.

22. <u>Estoppel</u>.  Maynard hereby acknowledges that said claims are released and covenants and agrees not to initiate or pursue any litigation, lawsuit, administrative proceeding, arbitration, or other dispute resolution process related to any manner whatsoever with respect to the claims released herein.

23. Maynard represents and warrants that he has not filed or otherwise initiated any additional legal action or administrative proceeding of any kind against any of the Released Parties and has no knowledge that: (i) any such legal action or administrative proceeding has been filed or otherwise initiated or (ii) is contemplated or threatened by any other person or entity.  Maynard also hereby irrevocably and unconditionally waives and relinquishes any right to seek or recover any monetary relief or other individual remedies for or on account of any of the Released Claims whether for Maynard, as a representative, or on behalf of others.

## VI.
## COURT APPROVAL

24. If this Settlement Agreement is not approved by the Court, the Settlement Agreement shall not be used nor be admissible in any subsequent proceedings either in this Court or in any other Court or forum.

## VII.
## PARTIES' AUTHORITY

25. The respective signatories to the Settlement Agreement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

# VIII.
# INDEMNITY

26. Maynard shall indemnify and hold harmless the Released Parties from and against any liability or loss, and for any reasonable cost, expense (including attorneys' fees), judgment, or settlement, based on or arising out of (a) any breach of this Settlement Agreement by Maynard; (b) any back taxes, penalties, or fines that may be assessed by the IRS or any other taxing authority as a result of any payments made Maynard pursuant to this Settlement Agreement; and (c) any future lawsuits or administrative proceedings involving any of the Released Claims.

# IX.
# NON-DISPARAGEMENT

27. Maynard shall direct any inquiries regarding his employment with Agilysys to Theresa Putnal, Director of Human Resources, at phone number (770) 810-7936, and notify her of this action within a reasonable time of doing so. In response to any such inquiry, Agilysys agrees to provide a neutral employment reference in response to any inquiry from potential future employers regarding Maynard's employment with Agilysys. In response to such inquiries, Agilysys shall provide only confirmation of employment, the dates of Maynard's employment and Maynard's most recent job title and shall notify the potential employer that it is company policy to only provide such information in response to reference requests.

28. Maynard agrees that he shall not disparage Agilysys or any of the Released Parties in any manner, including, but not limited to, making any negative comments about Agilysys, its employees, its customers, its services, or any of the Released Parties.

29. With regard to any inquiries concerning the matters outlined in the Settlement Agreement, Maynard covenants to respond only that, **"The matter has been resolved."**

30. In the event of a breach of this Section, due to the difficulty of accurately estimating injury caused by any such breach, Maynard shall be liable to Agilysys in the amount of $1,000 for each breach as well any reasonable attorney's fees and costs related, in any manner whatsoever, to enforcing the terms of this Section. The parties covenant that this $1,000 is a reasonable pre-estimate of the probable loss.

## X.
## DISMISSAL WITH PREJUDICE

31. Within five (5) days of the date this Settlement Agreement becomes fully executed by all Parties, the Parties, through their counsel, shall jointly request the Court approve this Settlement Agreement and incorporate the Settlement Agreement into its Order dismissing the Action, with prejudice. The Parties covenant to take all necessary actions to ensure this matter is dismissed with prejudice.

## XI.
## MUTUAL FULL COOPERATION

32. The Parties agree to cooperate fully with each other to accomplish the terms of this Settlement Agreement, and to obtain the Court's approval of the Settlement Agreement and cause the Action to be dismissed with prejudice. The Parties shall use all reasonable efforts, including all efforts contemplated by this Settlement Agreement and any other reasonable efforts that may become necessary to effectuate the terms of this Settlement Agreement.

## XII.
## NO PRIOR ASSIGNMENTS

33. Maynard represents, covenants, and warrants that he has not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement Agreement.

## XIII.
## NO ADMISSION

34. Nothing contained in this Settlement Agreement shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Agilysys, and Agilysys therefore denies liability. Each of the Parties has entered into this Settlement Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. This Settlement Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

## XIV.
## NOTICES

35. Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To Maynard:

Benjamin A. Stark, Esq.
BARRETT & FARAHANY, LLP
1100 Peachtree Street
Suite 500
Atlanta, Georgia 30309

Tel.: 404-214-0120
Fax: 404-214-0125
bstark@bf-llp.com

To Agilysys:

David W. Long-Daniels, Esq.
GREENBERG TRAURIG, LLP
Terminus 200
3333 Piedmont Road, NE
Suite 2500
Atlanta, Georgia  30305

Tel.: 678-553-4744
Fax: 678-553-4745
Long-DanielsD@gtlaw.com

## XV.
## CONSTRUCTION

36. The Parties agree that the terms and conditions of this Settlement Agreement are

the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or its counsel participated in the drafting of this Settlement Agreement.

## XVI.
## CAPTIONS AND INTERPRETATIONS

37. Paragraph titles or captions contained in this Settlement Agreement are a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any provision. Each term of this Settlement Agreement is contractual and not merely a recital.

## XVII.
## MODIFICATION

38. This Settlement Agreement may not be changed, altered, modified, or waived except in a writing signed by all Parties. This Settlement Agreement may not be discharged except by performance in accordance with its terms.

## XVIII.
## ENTIRE AGREEMENT

39. The Parties acknowledge and agree that this Settlement Agreement constitutes a full, final, and complete settlement of the subject matter hereof and supersedes and replaces any and all other written or oral exchanges, agreements, understandings, arrangements, or negotiations between them relating to the subject matter hereof, and affirmatively state that there are no other prior or contemporaneous agreements, exchanges, representations, arrangements, or understandings, written or oral, between them relating to the subject matter hereof other than that as set forth herein, and that this Settlement Agreement contains the sole and entire agreement between them with respect to the subject matter hereof; provided,

however, that this Settlement Agreement does not superseded, replace, or otherwise affect Maynard's Non-Disclosure Policy and Agreement.

40. This Settlement Agreement further supersedes and replaces any and all other agreements, either oral or written, and contractual rights owed by or between the parties with respect to Maynard's employment with Agilysys, or the termination of Maynard's employment with Agilysys.

41. Maynard and Agilysys acknowledge and agree that language proposed for, deleted from, or otherwise changed in any drafts of this Settlement Agreement but not included herein shall not in any way affect the rights and obligations of the Parties.

## XIX.
## BINDING ON ASSIGNS

42. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## XX.
## COUNTERPARTS

43. This Settlement Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties.

## XXI.
## GOVERNING LAW

44. The Parties agree that this Settlement Agreement shall be interpreted, construed, and enforced in accordance with the substantive laws of the State of Georgia without reference to conflict of law principles. The Parties agree that any lawsuit filed to enforce or interpret this

Settlement Agreement shall be filed in either Georgia state court or in the United States District Court for the Northern District of Georgia.

## XXII.
## SEVERABILITY

45. Should any provision of this Settlement Agreement be found invalid or unenforceable for any reason by a court with jurisdiction over the interpretation of this Settlement Agreement, such finding shall not invalidate or make unenforceable any other provision of the Settlement Agreement or affect in any way whatsoever the validity or enforceability of the Settlement Agreement as a whole.

## XXIII.
## MAYNARD'S REPRESENTATIONS

46. Maynard understands and agrees:

(a) That he has the right to consult with legal counsel regarding this Settlement Agreement and is encouraged to consult with legal counsel with regard to this Settlement Agreement;

(b) That he has (or has had the opportunity to take) twenty-one (21) calendar days to discuss this Settlement Agreement with a lawyer of his choice before signing it and, if he signs before the end of that period, he does so of his own free will and with the full knowledge that he could have taken the full period;

(c) That he is entering into this Settlement Agreement freely and voluntarily and not as a result of any coercion, duress or undue influence;

(d) That he is not relying upon any oral representations made to him regarding the subject matter of this Agreement;

(e) That this Settlement Agreement provides additional consideration to that

which he was already entitled, including but not limited to the avoidance of further dispute and litigation with the attendant inconvenience and expenses; and

(f) That he has received all information he requires from Agilysys in order to make a knowing and voluntary release and waiver of all claims against Released Parties.

## XXIV.
## REVOCATION PERIOD

47. Maynard acknowledges and agrees that he has seven (7) days from the date of the execution of this Agreement (the "Revocation Period") within which to rescind or revoke this Agreement by providing notice in writing to Agilysys' counsel. If, after signing, Maynard chooses to revoke this Agreement, he must do so by notifying Agilysys' Counsel in writing. This written notice of revocation must be delivered pursuant to the terms described in Section XIV, herein. In order for the written notice of revocation to be effective, it must be received by Agilysys' Counsel on or before the end of the Revocation Period.

**[SIGNATURES ON NEXT PAGE]**

IN WITNESS WHEREOF, the parties hereto have executed this Settlement Agreement as of the Execution Date.

_____
Lynn Maynard
Date: JANUARY 15, 20 16

Agilysys, Inc.

_____
By: Kyle C. Badger
Its: SVP, General Counsel

Date: Jan. 15, 20 16